## (November 24, 1964)

■ DUO FACTORS, INC., Appellant, v. TRYLON SPECIALTIES, INC., et al., Respondents.— Order, entered on January 17, 1964, unanimously affirmed, with $30 costs and disbursements to abide the event, and, without prejudice to renewal of a motion for summary judgment. The complaint alleges that plaintiff Duo Factors, Inc. (Duo) and defendant Trylon Specialties, Inc. (Trylon) entered into an accounts receivable financing agreement August 24, 1961, and refers to a copy thereof, Exhibit A, which is made a part of the complaint. Exhibit A referred to is dated August 24, 1963, and provides, nter alia, that Duo will advance "up to 73% of the net amounts." All parties refer to some modification to advance up to 75% of the net amounts, but such provision does not appear in the record, and the agreement expressly provides that it is not to be modified orally. The attached agreement shows a higher rate of interest charged than agreed upon in the 1961 agreement. From the examination before trial of Leo Rabkin it appears that either Trylon, by Rabkin, agreed to the change or that Rabkin individually so agreed, or possibly both consented to the change. It is not clear on the record. The defendant Goldberg is sued as a guarantor of the agreement, but the guarantee attached to the complaint and read in support of the motion is

dated August 24, 1962, and does not bear the signature of defendant Goldberg, though from the examination before trial of Goldberg it appears that he did sign some instrument of guarantee. There is also a claim by Goldberg that there was a limitation of responsibility as guarantor on moneys loaned of up to 75%, and advances were made up to 90%. The guarantee in the record provides up to 73% and that it "shall not be impaired by any modification as to which the parties to said agreement" may agree. We are left to speculate if the Goldberg guarantee is identical with that appearing in the record, and if the parties to the factoring agreement did agree to certain modifications. Also left unclear is whether the individual defendants knew that the oral modifications had been made or that advances up to 90% had been made, or participated in such modifications and advances, perhaps creating an estoppel to assert the provision barring oral modifications. There is also some question as to a payment or payments to Florabelle Flower Co., a company headed by a brother to the president of Duo, which allegedly were approved by Trylon. In short, while it may be that plaintiff, on proper papers, is entitled to summary judgment, we cannot on this record so determine. There are questions of fact to be resolved. Concur — Breitel, J. P., Rabin, McNally, Stevens and Steuer, JJ.